UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD RICHARD SMITH, | : | CIVIL ACTION NO. 3:CV-12-2051 |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| UNITED STATES PAROLE COMMISSION | : | FILED SCRANTON SEP 1 2 2013 |
| Respondent | : | PER  7M.6.P. DEPUTY CLERK |

**MEMORANDUM**

Petitioner, Ronald Richard Smith, an inmate presently incarcerated at the United States Penitentiary, Lewisburg, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. He challenges a detainer placed against him on January 5, 2012, claiming that his 1982 sentence expired in 2003, and that the United States Parole Commission ("the Commission") lacks jurisdiction in his case. (Doc. 1, petition). He also claims that the parole violator detainer issued in 2006, and pending execution upon completion of his 105 month sentence, is invalid. Id. The petition is ripe for disposition. For the reasons set forth below the petition will be denied.

I. **Background**

On July 19, 1982, Smith was sentenced in the United States District Court for the Eastern District of Pennsylvania to an eighteen year term of imprisonment for Bank Robbery and Escape. (Doc. 15, Ex. 1, sentence monitoring computation data at 3).

On May 26, 1989, Smith was paroled from his sentence by the U.S. Parole Commission, and was to remain under parole supervision until May 27, 2000. (Doc. 15, Ex. 2, Certificate of

Parole).

On or about July 15, 1992, Smith was again arrested for Bank Robbery and Escape, following a high speed chase and collision while fleeing from the Philadelphia Savings Fund Bank. (Doc. 15, Ex. 3, Warrant Application).

On July 31, 1992, the Commission issued a warrant charging Petitioner with violating the conditions of parole by committing an armed bank robbery. (Doc. 15, Ex. 3, Warrant Application). The Commission instructed the United States Marshals Service that since Petitioner was already in custody in connection with new criminal charges, that its warrant should not be executed, but placed as a detainer. (Doc. 15, Ex. 4, Memorandum).

On August 20, 1993, the Commission's warrant was placed as a detainer at the United States Penitentiary Leavenworth, where Smith was incarcerated. (Doc. 15, Ex. 5, Detainer Action Letter).

On October 6, 1993, the Commission supplemented its detainer warrant with information that on March 11, 1993, Petitioner was found guilty of Bank Robbery in the United States District Court for the Eastern District of Pennsylvania, and sentenced to 146 months imprisonment. (Doc. 15, Ex. 6, Supplement to Warrant Application).

On April 17, 1997, USP-Allenwood notified the Commission that Petitioner's expected release date from his new sentence was February 20, 2003. (Doc. 15, Ex. 7, Detainer Action Letter).

On March 14, 2003, upon completion of the service of his 146 months sentence, the Commission's warrant was executed. (Doc. 15, Ex. 8, Revocation Hearing Summary).

On July 10, 2003, the Commission conducted a parole revocation hearing. Id. The

Commission ordered Petitioner's parole be revoked, and that he receive no credit for time spent on parole ("street time") (i.e., the period from the date of his release on parole, May 26, 1989, to the date of execution of the Commission's warrant, March 14, 2003). (Doc. 15, Ex. 9, Notice of Action). The Commission ordered "parole effective after service of 133 months (08-15-2003) to the actual physical custody of the detaining authorities" and "if the detainer is not exercised, parole (09-15-2003) to the community." Id. The Commission computed Petitioner's reparole guideline range as 78-116 months, and found that he had been in custody creditable toward that range for 132 months. Id. The Commission found that a decision above the guideline range was required because of countable time spent in custody prior to the revocation hearing, and because time was needed for release planning. Id.

On August 8, 2003, Petitioner signed a parole certificate, reparoling him on August 15, 2003, to remain under parole supervision until March 13, 2014. (Doc. 15, Ex. 10, Certificate of Parole). This full term date was derived from the official computation of his sentence by the Federal Bureau of Prisons. See (Doc. 15, Ex. 1 at 4). At the time he was released via parole, Petitioner had 3,862 days remaining on his federal sentence. (Doc. 15, Ex. 17, Att. 1, SENTRY RECORD Sentencing Monitoring Data).

Petitioner subsequently filed an administrative appeal of the Commission's July 10, 2003 decision, alleging that his 1982 sentence had expired and that the Commission lacked jurisdiction over him. (Doc. 15, Ex. 11, Appeal).

In a Notice of Action on Appeal dated January 28, 2004, the National Appeals Board denied Smith's appeal, finding the following:

> You appeal on the ground that the Commission lacked jurisdiction to revoke

3

your parole because your sentence has expired. This claim has no merit. You were originally paroled on May 26, 1989, to remain on supervision until the full term date of your 18-year sentence, on May 27, 2000. On July 31, 1992, the Commission issued a warrant and placed it as a detainer while you were serving a new federal sentence of 146 months for bank robbery. That warrant was executed on March 14, 2003. Under 28 C.F.R. § 2.44 (d), the Commission retains jurisdiction to order revocation of parole and forfeiture of time on parole, when a timely-issued warrant is executed after the parolee's normal full term date. Thus, the Commission had jurisdiction in your case to hold a revocation hearing on July 10, 2003, and to issue an order revoking your parole and forfeiting your street time on July 24, 2003. This order extended your sentence under 18 U.S.C. § 4210 (b)(2) to a new full term date of March 13, 2014.

You are advised to comply with the conditions of your parole in the Eastern District of Pennsylvania until such time as your sentence expires or the Commission grants early termination of your sentence under 18 U.S.C. § 4211.

All decisions by the National Appeals Board on appeal are final.

(Doc. 15, Ex. 12, Notice of Action on Appeal).

On June 6, 2006, the Commission issued a parole violation warrant charging Petitioner with violating the conditions of parole by committing a Bank Robbery.[1] (Doc. 15, Ex. 13, Warrant Application).

On November 22, 2006, Petitioner pled guilty to one count of Bank Robbery, in violation of 18 U.S.C. § 2113(a), in the United States District Court for the Eastern District of Pennsylvania. (Doc. 15, Ex. 17, Att. 2, Judgment in a Criminal Case). Petitioner was sentenced to a 105 month term of incarceration. Id.

On December 7, 2006, the Commission supplemented the warrant with the following

---

[1]On June 1, 2006, Petitioner reported his May 30, 2006 crime, in person, to his United States Probation Officer, who contacted the Federal Bureau, which subsequently, arrested him. (Doc. 15, Ex. 17, Affidavit of John Farrar, BOP Policy and Correspondence Specialist, ¶ 5). Petitioner remained in federal custody. Id.

4

information:

> The releasee was convicted by the U.S. District Court, Eastern District of Pennsylvania, on 11-21-2006 for the above cited offense and sentenced to 105 months incarceration and 3 years supervised release. This charge is based on the information contained in the violation report dated 11-30-2006 from supervising officer James Muth and a judgment dated 11-21-2006 for case number 06-CR-299-1.

(Doc. 15, Ex. 14, Supplement to Warrant Application).

On January 5, 2012, the Commission was informed that its warrant had been lodged as a detainer at the United States Penitentiary, Lewisburg, where Petitioner was serving his new sentence. (Doc. 15, Ex. 15, Detainer Action Letter). The Commission was further informed that Petitioner's projected release date is February 5, 2014. (Id.) The Commission's detainer warrant will be executed at that time.

On September 25, 2012, the Commission commenced a dispositional review of the detainer pursuant to 28 C.F.R. § 2.47. (Doc. 15, Ex. 16, Commission Letter to Warden, USP-Lewisburg). The Commission notified the Warden that "in order to properly conduct the review, the Commission must know the prisoner's current sentence data (including any parole eligibility date, and projected satisfaction date) and institutional adjustment." Id. The Commission requested that the information be provided within thirty (30) days. Id.

On October 12, 2012, Smith filed the instant action in which he contends that "his due process of law rights are being violated by the above party(s), USPC/FBOP, whom placed this false parole detainer on [him] which stops his community programs in which liberty issues are at risk to gain employment and residence." (Doc. 1, petition). Petitioner believes that his "1982 sentence was completed after seeing an USPC examiner, Otis Thomas in 2003 at FCI-Edgefield, S.C.", who

"informed [Petitioner] that [he] did receive all time served which total 133 months." Id. Thus, Petitioner seeks removal of the "false detainer with cash damages of $17,000 for mental anguish." Id.

## II. Discussion

The proper vehicle for challenging the erroneous determination of sentence credit by the Bureau of Prisons ("BOP") is a petition for relief under 28 U.S.C. § 2241 in the district where the defendant is imprisoned. United States v. Donohue, No. 93 CR 422, 1999 WL 690154 (E.D. N.Y. Aug. 28,1999). Failure by the BOP to implement the sentence imposed by a sentencing court mandates habeas corpus relief under § 2241. See Rios v. Wiley, 201 F.3d 257 (3d Cir. 2000); see also Gomori v. Arnold, 533 F.2d 871, 874-75 (3d Cir. 1976) (holding that where a prisoner seeking federal habeas corpus relief challenges the effect of events "subsequent" to his sentence, habeas corpus remedy is appropriate rather than motion pursuant to 28 U.S.C. § 2255). Because Petitioner is alleging that the BOP failed to calculate his sentence correctly, he is properly before this Court.

A federal sentence commences when the defendant is received by the Attorney General of the United States for service of his federal sentence. United States v. Pungitore, 910 F.2d 1084, 1118-19 (3d Cir. 1990). Title 18 U.S.C. § 3585 provides in relevant part:

> (a) Commencement of sentence.-A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.-A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.[2]

In accordance with Bureau of Prisons Program Statement 5880.20, <u>Sentence Computation Manual CCCA-1984</u>, and 18 U.S.C. § 3585(a), the BOP prepared a sentence computation for Petitioner, commencing his concurrent federal sentence on the date it was imposed, November 21, 2006. <u>See</u> (Doc. 15, Ex. 17, Att. 4, Sentence Monitoring Computation Data).

The Sentencing Reform Act of 1984 provides that "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively."

Because the 2006 Eastern District of Pennsylvania judgment was silent regarding whether or not Petitioner's 2003 parole violation term should be served concurrently or consecutively with his new 105 month term of incarceration, it was determined by the BOP that his violation term would run consecutively, commencing on the expiration of Petitioner's 105 months term. <u>See</u> Bureau of Prisons Program Statement 5880.20, <u>Sentence Computation Manual CCCA-1984</u>. As such, the Commission's warrant issued in 2006, and currently lodged against Petitioner as a detainer, is valid.

The BOP had to then determine if Petitioner was entitled to credit for any time he spent imprisoned before his new federal sentence commenced. Congress has enacted 18 U.S.C. § 3585(b) to guide the Bureau of Prisons' calculation of credit. Title 18 U.S.C. § 3585(b) states:

(b) Credit for prior custody. -- A defendant shall be given credit

---

[2] Section 3585 is applicable only to those federal offenses committed after its effective date of November 1, 1987.

7

> toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). See United States v. Wilson, 503 U.S. 329, 337 (1992) (stating that in section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time."). Accordingly, a federal prisoner cannot receive credit for time served on a prior sentence if that detention time was already credited to the prior sentence.

A review of the instant record establishes that prior custody credit of 173 days, from the date of Petitioner's June 1, 2006 arrest, through the day before his federal sentence commenced on November 21, 2006, was applied against Petitioner's federal sentence. See (Doc. 15, Ex. 17, Att. 4, Sentence Monitoring Computation Data). Petitioner currently has a projected release date of February 5, 2014. Id.

To the extent that Petitioner argues that his original sentence expired on July, 10 2003, Petitioner is mistaken. Following Petitioner's July 10, 2003 revocation hearing[3], the Commission ordered: "Revoke parole. None of the time spent on parole shall be credited. Parole effective after the service of 133 months." See (Doc. 15, Ex. 9, Notice of Action). Petitioner's reparole guideline

---

[3]This hearing was a result of the July 31, 1992, detainer placed against Petitioner for his March 11, 1993, Bank Robbery conviction in the United States District Court for the Eastern District of Pennsylvania, while Petitioner was on parole from his original 1989 sentence. The detainer remained in place while Petitioner served his 146 months sentence for the March 11, 1993, Bank Robbery.

8

range was 78-116 months, and the Commission counted, solely towards satisfaction of that guideline range, the time he had spent in federal custody.

The Parole Commission's regulations require the Commission to give credit against the reparole guidelines for periods of time a parolee or mandatory releasee was incarcerated on a new state or federal sentence. Section 2.21(c) of 28 C.F.R. provides:

> Time served on a new state or federal sentence shall be counted as time in custody for reparole guideline purposes. This does not affect the computation of the expiration date of the violator term as provided by §§ 2.47(d) and 2.52(c) and (d).

Section 2.47(e)(1) provides that a violator whose parole or mandatory release is revoked "shall be given credit for all time in federal, state, or local confinement on a new offense for purposes of satisfaction of the reparole guidelines at §§ 2.20 and 2.21." See Bowen v. U.S. Parole Com'n, 805 F.2d 885, 888 (9th Cir. 1986) (explaining the difference between sentence credit and reparole guidelines credit); Berg v. U.S. Parole Com'n, 735 F.2d 378, 379 (9th Cir. 1984); Staege v. U.S. Parole Com'n, 671 F.2d 266, 269 (8th Cir. 1982).

Pursuant to those regulations, Petitioner was given credit by the Commission against his reparole guidelines for the time he spent serving his new sentence. The Commission's July 24, 2003, Notice of Action stated "As of your hearing date of 07-10-2003, you have been in federal custody for 132 months," thereby notifying the BOP to give Petitioner credit against his reparole guidelines for the time he spent in federal custody as a supervised release violator. (Doc. 15, Ex. 9, Notice of Action).

Petitioner, however, was not entitled to, and did not receive, credit towards satisfaction of his federal sentence. This is the meaning of the Commission's order that "None of the time spent

9

on parole shall be credited." Id.

It is the Commission's interpretation of 18 U.S.C. § 4210(b)(2) that, if a parolee has been convicted of a new offense committed subsequent to his release on parole, which is punishable by any term of imprisonment, detention, or incarceration in any penal facility, forfeiture of time from the date of such release to the date of execution of the warrant is an automatic statutory penalty, and such time shall not be credited to the service of the sentence. 28 C.F.R. § 2.52(c)(2).

Petitioner received a new conviction punishable by imprisonment while on parole. As such, the time from the date he was released on parole to the date of the execution of the parole violation warrant, his "street time," was forfeited as a matter of law under 18 U.S.C. § 4210(b)(2). The Commission therefore acted in accordance with the parole statute and the applicable regulation in Petitioner's case when it ordered that "none of the time spent on parole shall be credited." As such, Petitioner's sentence did not expire in July, 2003.

Finally, Petitioner complains that the current detainer adversely affects his ability to participate in "community programs." (Doc. 1, petition). The Court finds that this claim must also be rejected. The Supreme Court has held that the Due Process Clause is not implicated by "prisoner classification and eligibility for rehabilitative programs," even where an inmate suffers "grievous loss" because "Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process." See Moody v. Daggett, 429 U.S. 78, 88 (1976).

Additionally, because money damages are not available in a habeas corpus action, Petitioner's request for damages must be denied. See e.g., Preiser v. Rodriguez, 411 U.S. 475, 494 (1973) (explaining that "if a state prisoner is seeking damages, he is attacking something other than

immediate or more speedy release—the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."); Marine v. Quintana, 347 F.App'x 736 (3d Cir. 2009) (affirming that money damages are not available in a habeas action).

Thus, based on the above, the petition for writ of habeas corpus will be denied. A separate Order will be issued.

Dated: September 12, 2013

United States District Judge